IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,949






EX PARTE ISAUL TAVERA, AKA ISAUL TAVERA-JAIMES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-00-007029-A IN THE 299TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful restraint
in exchange for a probated sentence. His probation was later revoked, and he was sentenced to three
years' imprisonment. 

 Applicant contends, inter alia, that he was denied his right to appeal because his counsel at
revocation filed a motion for new trial but did not withdraw from the representation until after the
appellate deadline had passed. Appellate counsel was appointed after the deadline for filing notice
of appeal had passed, and Applicant's appeal was dismissed for want of jurisdiction. 

 The trial court has determined that Applicant expressed a desire to appeal, but was denied
his right to appeal through no fault of his own.. We find that Applicant is entitled to the opportunity
to file an out-of-time appeal of the judgment of conviction in Cause No. D-1-DC-00-007029-A from
the 299th District Court of Travis County. Applicant is ordered returned to that time at which he
may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful
appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: January 16, 2013

Do not publish